UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHUIHUA GONG,

Petitioner,

v.

ANDRE QUINONES, *et al.*,

Respondents.

Case No. C26-3880-MLP

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Shuihua Gong[1] is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. She has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of her detention. (Dkt. # 1.) Petitioner seeks release from custody, as well as injunctive and declaratory relief. (*Id.*) Respondents filed a timely return to the petition (dkt. # 5), together with supporting declarations from ICE Deportation Officer Nhat Truong (dkt. # 6) ("Truong Decl."), and Respondents' counsel Michelle Lambert (dkt. # 7) ("Lambert Decl."). Petitioner filed a timely reply. (Dkt. # 8.) The Court, having reviewed the

[1] The petition used male pronouns in referring to Petitioner (*see generally* dkt. # 1), but counsel for Petitioner subsequently confirmed that Petitioner is female (dkt. # 8 at 2 n.1).

parties' submissions and the governing law, GRANTS in part the petition (dkt. # 1), for the reasons set forth below. [2]

## I. BACKGROUND

Petitioner is a native and citizen of China who entered the United States near Tecate, California, on October 20, 2023, and shortly thereafter was arrested by United States Border Patrol. (Dkt. # 1 at 5-6; Truong Decl., ¶¶ 4-6.) On October 21, 2023, a Notice to Appear ("NTA") was issued charging Petitioner with being removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (Dkt. # 1 at 6; Truong Decl., ¶ 7; Lambert Decl., Ex. A.) Petitioner was released on an Order of Release on Recognizance ("OREC") the same day. (Dkt. # 1 at 6; Truong Decl., ¶ 8; Lambert Decl., Ex. B.)

Following her release, Petitioner timely filed an application for asylum which remains pending. (Dkt. # 1 at 6; Truong Decl., ¶ 9.) Petitioner was thereafter granted employment authorization which permitted her to obtain work to support herself while awaiting final adjudication of her asylum application. (Dkt. # 1 at 6.) Petitioner avers that she thereafter complied with the check-in requirements imposed as a part of her OREC. (*Id.*)

On September 30, 2026, Petitioner was arrested by ICE officers in Spokane, Washington, at or near a residence connected to an investigation being conducted by Homeland Security Investigations ("HSI") and Enforcement and Removal Operations ("ERO") personnel. (*See* dkt. # 1 at 6; Truong Decl., ¶¶ 10-12; Lambert Decl., Exs. C at 2, D.) Petitioner's OREC was cancelled the same day for her alleged "failure to comply with the conditions of release." (Truong Decl., ¶ 13; Lambert Decl., Ex. B.) Respondents' counsel indicates in the return that she

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

has been unable to locate any further explanation as to what condition Petitioner violated, and she notes as well that there is no indication Petitioner was criminally charged in relation to the HIS/ERO investigation. (Dkt. # 5 at 2 n.5.)

Petitioner was transferred to NWIPC on the day of her arrest where she remains detained. (Truong Decl., ¶ 14.) Petitioner had an initial appearance in the Tacoma immigration court on October 21, 2026, and was scheduled for a master calendar hearing in the Tacoma immigration court on November 2, 2026, but the record before the Court does not reveal the outcome of the most recent hearing. (*See id.*, ¶¶ 15-16.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner asserts in her petition that her September 2026 re-detention violated her Fifth Amendment right to procedural due process because she was not provided written notice of the

reasons for the revocation of her release nor a hearing before a neutral decisionmaker prior to her re-detention. (Dkt. # 1 at 2, 11.) Respondents argue in response that Petitioner's detention is authorized by 8 U.S.C. § 1225(b)(2)(A), though they acknowledge that courts within this District have found noncitizens re-detained under similar circumstances are detained pursuant to 8 U.S.C. § 1226(a). (Dkt. # 5 at 5.) Respondents further argue that even if the Court concludes Petitioner's detention is governed by § 1226(a), her re-detention was lawful. (*Id.* at 6.) Again, however, Respondents acknowledge that courts in this District have found due process is violated when noncitizens released on an OREC are re-detained based on alleged violations of the conditions of their release without pre-deprivation process, and immediate release from ICE detention is the appropriate remedy. (*See id.*) Respondents offer no further substantive response to Petitioner's due process claim.

The Court need not resolve any questions concerning the statutory basis of Petitioner's current detention because "the fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025). As Petitioner's lone claim is that her re-detention in September 2026 violated her due process rights, any arguments regarding Respondents' statutory authority to detain Petitioner are irrelevant and the Court need not consider them. *See Sarwari v. Wamsley*, 2026 WL 279968, at *3 (W.D. Wash. Feb. 3, 2026). The Court now turns to Petitioner's due process claim.

The Fifth Amendment's Due Process Clause forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v.*

*Manzo*, 380 U.S. 545, 522 (1965)). Due process is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025).

First, Petitioner had a liberty interest in her continued freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. When Petitioner was released on an OREC shortly after entering the United States, she acquired a liberty interest protected by the Due Process Clause. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."); *see also Ramirez Tesara*, 800 F. Supp. 3d at 1136. The first *Mathews* factor favors Petitioner.

As to the second factor, there was a high risk of erroneous deprivation and value in additional safeguards here. It is undisputed that Petitioner was re-detained without first receiving notice of her re-detention or an opportunity to be heard. (*See generally* dkt. # 5.) When Petitioner was released under an OREC, the government necessarily first determined that she posed neither a danger to the community, nor a flight risk. *See* 8 C.F.R. 236.1(c)(8). To then unilaterally revoke that release, without providing any individualized, pre-deprivation process to determine

whether Petitioner now poses a risk, came with a high risk of error. *See Alfaro Siguenza v. Hernandez*, 2026 WL 2587980, at *4 (W.D. Wash. Aug. 27, 2026) (citing *E.A. T.-B.*, 795 F. Supp. 3d at 1323). The risk is further illustrated here, where the government cannot identify what condition of release Petitioner allegedly violated. Thus, the second *Mathews* factor strongly favors Petitioner.

Finally, Respondents do not identify a governmental interest furthered by Petitioner's re-detention. Indeed, Respondents make no reference at all to the *Mathews* test in their return, apparently conceding that the instant petition is likely to be granted and that the Court is likely to order Petitioner's immediate release given prior decisions of courts in this District. (Dkt. # 5 at 6-7.) Respondents note only that they disagree with that outcome and reserve their right to appeal. (*Id.* at 7.) Nonetheless, for purposes of completing the *Mathews* analysis, the Court recognizes that the government has legitimate interests in enforcing immigration laws, protecting the community, and ensuring a noncitizen's appearance for immigration proceedings. However, nothing in the record suggests that providing a brief pre-deprivation process would materially impede those interests, as custody and bond hearings are routine, and courts have found the incremental burden modest compared to the risk and consequences of erroneous detention. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The Court therefore finds that the third *Mathews* factor also weighs in Petitioner's favor.

In sum, all three *Mathews* factors weigh in Petitioner's favor. Given Petitioner's liberty interest at stake, the high risk of erroneous deprivation, and the identified governmental interests, providing no pre-deprivation process was constitutionally deficient. Habeas relief is therefore warranted, and release is the appropriate and constitutionally required remedy. *See Aucatoma v. Hernandez*, 2026 WL 1265541, at *8 (W.D. Wash. May 8, 2026) (and the cases cited therein).

Petitioner also seeks permanent injunctive relief barring Respondents from re-detaining her "during the pendency of [her] removal proceedings." (Dkt. # 1 at 11.) However, Petitioner does not adequately develop a factual record to show she faces an individualized "cognizable danger of recurrent violation[.]" *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). Her request is therefore denied without prejudice. Nothing prevents Petitioner from seeking habeas relief in the future, should it become necessary.

Finally, Petitioner seeks a declaration that her re-detention violated the Due Process Clause of the Fifth Amendment. (Dkt. # 1 at 12.) However, the Court has already found that Petitioner's re-detention violated her right to procedural due process and, thus, the requested declaration appears unnecessary.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1) Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part. Respondents shall RELEASE Petitioner from immigration detention within **twenty-four (24) hour**s, subject to her most recent pre-detention conditions of release.

(2) Respondents shall file a status report with the Court confirming Petitioner's release within **two (2) business days**.

(3) Petitioner's requests for declaratory and injunctive relief are DENIED.

(4) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are strongly encouraged to meet and confer prior to the filing of any motion.

(5) The Clerk shall direct copies of this Order to all counsel of record.

DATED this 5th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge